IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.:   4:22-cv-03953 ) |
| JOHN P. MARTIN, BARBARA J. MARTIN, aka BARBARA DAVIS MARTIN, ESTATES OF HIGHLAND CREEK HOMEOWNERS ASSOCIATION, HUNTER-KELSEY II, LLC, HARRIS COUNTY TAX ASSESSOR-COLLECTOR, RATHERT LAW OFFICE, P.C., STATE OF TEXAS--TEXAS WORKFORCE COMMISSION, MIDLAND FUNDING, LLC, and CAPITAL ONE BANK (USA), N.A. | ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT

The United States of America, pursuant to 26 U.S.C. § 7401, at the direction of a delegate of the Attorney General of the United States, and with the authorization and sanction of a delegate of the Secretary of the Treasury, brings this civil action to enforce federal tax liens associated with unpaid federal tax liabilities owed by John P. Martin against certain real property belonging to him. For its complaint, the United States alleges as follows:

**JURISDICTION, VENUE, AND PARTIES**

1. Jurisdiction is conferred upon this district court pursuant to 26 U.S.C. § 7402(a) and 7403, and 28 U.S.C. §§ 1331, 1340, and 1345.

-1-

2. Venue is proper pursuant to 28 U.S.C. §§ 1391(b) and 1396 because the real property on which the liens are to be enforced is within this district.

3. Plaintiff is the United States of America.

4. Defendant John P. Martin resides in Harris County, Texas, within the jurisdiction of this Court, and owns the subject property.

5. Defendant Barbara J. Martin, also known as Barbara Davis Martin, resides in Harris County, Texas, within the jurisdiction of this Court, and also owns the subject property.

6. John P. Martin is married to Barbara J. Martin and they are the taxpayers.

7. Defendant Estates of Highland Creek Homeowners Association is joined as a party as required by 26 U.S.C. § 7403(b) because it may claim an interest in the property upon which the United States seeks to enforce its liens.

8. Defendant Hunter-Kelsey II, LLC, is joined as a party as required by 26 U.S.C. § 7403(b) because it may claim an interest in the property upon which the United States seeks to enforce its liens.

9. Defendant Harris County Assessor-Collector, is joined as a party as required by 26 U.S.C. § 7403(b) because it may claim an ad valorem tax lien interest in the property upon which the United States seeks to enforce its liens.

10. Defendant Rathert Law Office, P.C., is joined as a party as required by 26 U.S.C. § 7403(b) because it may claim an interest in the property upon which the United States seeks to enforce its liens, but any judgment lien Rathert Law Office, P.C. may claim does not attach to that real property because it is John Martin and Barbara Martin's homestead.

11. Defendant State of Texas and its Texas Workforce Commission is joined as a party as required by 26 U.S.C. § 7403(b) because it may claim an interest in the property upon

which the United States seeks to enforce its liens, but any state tax lien the state of Texas may claim does not attach to that real property because it is John Martin and Barbara Martin's homestead.

12. Defendant Midland Funding, LLC, is joined as a party as required by 26 U.S.C. § 7403(b) because it may claim an interest in the property upon which the United States seeks to enforce its liens, but any judgment lien Midland Funding, LLC may claim does not attach to that real property because it is John Martin and Barbara Martin's homestead.

13. Defendant Capital One Bank (USA), N.A., is joined as a party as required by 26 U.S.C. § 7403(b) because it may claim an interest in the property upon which the United States seeks to enforce its liens, but any judgment lien Capital One Bank (USA), N.A., may claim does not attach to that real property because it is John Martin and Barbara Martin's homestead.

## THE SUBJECT PROPERTY

14. The title of the real property upon which the United States seeks to enforce its federal tax liens is owned or held in the name of John P. Martin and Barbara J. Martin, husband and wife, and consists of the land, along with all improvements, buildings, and appurtenances thereon, now known as and numbered 19830 Creekshore Drive, Katy, Texas 77449 (the "Real Property"). The legal description of the Real Property is as follows:

> Lot 13, Block 16, of ESTATES OF HIGHLAND CREEK, a replat of HIGHLAND CREEK VILLAGE, SECTION TWO (2), a subdivision in Harris County, Texas, according to the map or plat thereof recorded in Film Code No. 350090, of the Map Records of Harris County, Texas.
>
> Property ID No. 117-375-016-0013

## COUNT 1
### Judgment Against John and Barbara Martin for 2018-2020 Tax Liabilities

15. On the following dates, a delegate of the Secretary of the Treasury made joint assessments against John P. Martin and Barbara Davis Martin for federal income taxes and

penalties for the following tax periods and in the following amounts (collectively, "the 2018-2020 income tax liabilities"), which have balances due with accruals and costs as of October 12, 2022, as follows:

| Tax Period Ending | Assessment Date | Assessment Type | Amount Assessed | Balance Due 10/12/2022 |
|---|---|---|---|---|
| 12/31/2018 | 06/28/2021 | Tax | $20,922.00 | $34,941.57 |
| | 06/28/2021 | Estimated Tax Penalty | $239.22 | |
| | 06/28/2021 | Late Filing Penalty | $4,707.45 | |
| | 06/28/2021 | Late Payment Penalty | $2,824.47 | |
| 12/31/2019 | 06/21/2021 | Tax | $64,036.00 | $82,073.54 |
| | 06/21/2021 | Late Payment Penalty | $3,842.16 | |
| 12/31/2020 | 11/01/2021 | Tax | $64,036.00 | $76,322.85 |
| | 11/01/2021 | Estimated Tax Penalty | $706.73 | |
| | 11/01/2021 | Late Payment Penalty | $1,600.90 | |
| **Total** | | | | $193,337.96 |

16.   A delegate of the Secretary of the Treasury gave notice and demand for payment of the income tax liabilities described above to John P. Martin and Barbara Davis Martin. After the application of statutory interest, penalties, fees, other additions, abatements, payments, and credits, the income tax liabilities described above had a $193,337.96 unpaid balance due of as of October 12, 2022.

17.   Despite notice and demand for payment, John P. Martin and Barbara Davis Martin have failed, neglected, or refused to fully pay the 2018-2020 income tax liabilities.

18.   Pursuant to 26 U.S.C. § 7402, the United States is entitled to a judgment that John P. Martin and Barbara Davis Martin are jointly and severally liable to the United States for the 2018-2020 income tax liabilities in the amount of $193,337.96 as of October 12, 2022, plus statutory additions, and prejudgment and post judgment interest thereon at the rates set forth in 26 U.S.C. § 6601, 6621 and 28 U.S.C. § 1961(c), until paid.

## COUNT 2
### Enforcement of Federal Tax Liens against the Real Property

19. In addition to the assessments described above for the 2018-2020 income tax liabilities, on the following dates, a delegate of the Secretary of the Treasury made assessments against John P. Martin for federal income taxes and penalties for the following tax periods and in the following amounts (collectively, "the Judgment income tax liabilities"):

| Tax Period Ending | Assessment Date | Assessment Type | Amount Assessed |
|---|---|---|---|
| 12/31/2006 | 06/22/2009 | Tax | $224,806.00 |
| | 06/22/2009 | Estimated Tax Penalty | $10,638.70 |
| | 06/22/2009 | Late Filing Penalty | $50,581.35 |
| | 06/22/2009 | Late Payment Penalty | $30,348.81 |
| | 12/13/2010 | Late Payment Penalty | $25,852.69 |
| 12/31/2008 | 02/16/2015 | Tax | $134,017.00 |
| | 02/16/2015 | Estimated Tax Penalty | $4,306.85 |
| | 02/16/2015 | Late Filing Penalty | $30,153.83 |
| | 02/16/2015 | Late Payment Penalty | $33,504.25 |
| 12/31/2009 | 02/16/2015 | Tax | $226,294.00 |
| | 02/16/2015 | Estimated Tax Penalty | $5,418.02 |
| | 02/16/2015 | Late Filing Penalty | $50,916.15 |
| | 02/16/2015 | Late Payment Penalty | $56,573.50 |
| 12/31/2010 | 02/16/2015 | Tax | $240,582.00 |
| | 02/16/2015 | Estimated Tax Penalty | $5,159.50 |
| | 02/16/2015 | Late Filing Penalty | $54,130.95 |
| | 02/16/2015 | Late Payment Penalty | $56,536.77 |
| | 10/15/2018 | Estimated Tax Penalty | $1,629.61 |
| 12/31/2011 | 02/16/2015 | Tax | $158,083.00 |
| | 02/16/2015 | Estimated Tax Penalty | $3,129.71 |
| | 02/16/2015 | Late Filing Penalty | $35,568.68 |
| | 02/16/2015 | Late Payment Penalty | $27,664.52 |
| | 12/19/2016 | Late Payment Penalty | $12,646.64 |
| 12/31/2015 | 07/23/2018 | Tax | $3,910.00 |
| | 07/23/2018 | Late Filing Penalty | $274.95 |
| | 07/23/2018 | Late Payment Penalty | $134.42 |
| | 12/07/2020 | Late Payment Penalty | $171.08 |
| 12/31/2016 | 09/24/2018 | Tax | $2,688.00 |

|            | 09/24/2018 | Late Filing Penalty   | $205.00    |
|            | 09/24/2018 | Late Payment Penalty  | $60.48     |
|            | 12/07/2020 | Late Payment Penalty  | $107.52    |
| 12/31/2017 | 09/17/2018 | Tax                   | $6,643.00  |
|            | 09/17/2018 | Estimated Tax Penalty | $62.00     |
|            | 09/17/2018 | Late Filing Penalty   | $876.06    |
|            | 09/17/2018 | Late Payment Penalty  | $146.01    |
|            | 12/07/2020 | Late Payment Penalty  | $1,070.73  |

20.     A delegate of the Secretary of the Treasury gave notice and demand for payment of the Judgment income tax liabilities described above to John P. Martin, but he failed, neglected, or refused to fully pay the income tax liabilities described above. Consequently, the United States previously filed suit seeking to reduce to judgment those assessments. *See*, Complaint, *United States v. Martin*, No. 4:21-cv-1984 (S.D. Tex. June 17, 2021); Amended Complaint, *United States v. Martin*, No. 4:21-cv-1984 (S.D. Tex. June 21, 2021).

21.     After waiving service, Martin consented to judgment against him in that case in the amount of $1,385,253.37 as of June 11, 2021, plus prejudgment and post judgment interest thereon at the rates set forth in 26 U.S.C. § 6601, 6621 and 28 U.S.C. § 1961(c), until paid. *See* Consent Judgment, *United States v. Martin*, No. 4:21-cv-1984 (S.D. Tex. Aug. 25, 2021). Martin has not paid that judgment or otherwise satisfied any of the underlying assessments.

22.     Pursuant to 26 U.S.C. §§ 6321 and 6322, as a result of the neglect, refusal or failure by John P. Martin to pay the 2018-2020 income tax liabilities and the Judgment income tax liabilities described above after notice and demand, federal tax liens arose on the dates of the assessments and attached to all property and rights to property belonging to John P. Martin, including the Real Property.

23. Additionally, the Internal Revenue Service publicly filed Notices of Federal Tax Lien ("NFTL") in accordance with 26 U.S.C. § 6323(f) with the County Recorder of Harris County, Texas in regard to the tax liabilities described below , on the following dates:

| Type of Tax | Tax Periods | Date NFTL Filed |
|---|---|---|
| Income | 2008, 2009, 2010, 2011 | 02/17/2016 |
| Income | 2015, 2016, 2017 | 10/23/2018 |
| Income | 2006 | 10/25/2021 |
| | | |

24. Pursuant to 26 U.S.C. § 7403, the United States is entitled to enforce the federal tax liens described above against the Real Property by foreclosure sale or other court orders. In particular, the United States is entitled to have the entire Real Property sold in a judicial sale, or by a receiver appointed for that purpose, free and clear of all rights, titles, claims, liens, and interests of the parties, including any rights of redemption, with the proceeds of the sale distributed: first, to pay the costs and expenses of the sale, including any costs and expenses incurred to secure and maintain the Real Property; second, to the defendant Harris County Assessor-Collector, Texas to pay any real estate taxes due and owing which are entitled to priority under 26 U.S.C. § 6323(b)(6); third, to the United States to pay the tax liabilities described above; and, fourth, to the other parties in accordance with the law; or, as otherwise determined by the Court in accordance with the law.

## PRAYER

WHEREFORE, the United States of America prays for a judgment determining:

A.  John P. Martin and Barbara Davis Martin are jointly and severally liable to the United States for the income tax liabilities arising out of 2018, 2019, and 2020 in the amount of $193,337.96 as of October 12, 2022, plus statutory additions, and prejudgment and post

judgment interest thereon at the rates set forth in 26 U.S.C. § 6601, 6621 and 28 U.S.C. § 1961(c), until paid;

B. The federal tax liens securing the liabilities described in this complaint shall be foreclosed or enforced by other court orders against the Real Property by sale of the entire Real Property in a judicial sale, or by a receiver appointed for that purpose, free and clear of all rights, titles, claims, liens, and interests of the parties, including any rights of redemption, with the proceeds of the sale distributed: first, to pay the costs and expenses of the sale, including any costs and expenses incurred to secure and maintain the Real Property; second, to the defendant Harris County Assessor-Collector, Texas, to pay any real estate taxes due and owing which are entitled to priority under 26 U.S.C. § 6323(b)(6); third, to the plaintiff United States to pay the liabilities set forth above; and, fourth, to the other parties in accordance with the law; or, as otherwise determined by the Court in accordance with the law; and

C. That awards the United States such other and further relief as this Court deems just and proper, including its costs incurred in this action and for any surcharge authorized by 28 U.S.C. § 3011.

    Respectfully submitted,

    DAVID A. HUBBERT
    Deputy Assistant Attorney General
    Department of Justice, Tax Division

    *s/Michael W. May*
    MICHAEL W. MAY
    TX Bar No. 24054882
    Federal ID No. 3443282
    Trial Attorney, Tax Division
    U.S. Department of Justice
    717 N. Harwood, Suite 400
    Dallas, Texas 75201

(214) 880-9730 (TEL.)
(214) 880-9741 (FAX)
Michael.w.may@usdoj.gov